JOURNAL ENTRY AND OPINION
Appellant George Krocker appeals from an order of the juvenile division of the common pleas court awarding permanent custody of his daughter to the appellee, Cuyahoga County Department of Children and Family Services (CCDCFS). In his single assignment of error, appellant argues that:
 THE TRIAL COURT ERRED BY AWARDING PERMANENT CUSTODY OF MINOR DAUGHTER, IZABELL KROCKER, TO THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES AND THEREBY TERMINATING ALL CUSTODY RIGHTS OF APPELLANT FATHER, GEORGE KROCKER.
This case commenced with the filing of a complaint by the CCDCFS on December 23, 1997, alleging that two children, Rocky Krocker and Izabell Krocker, were neglected. The children were placed in the temporary custody of the CCDCFS at that time. In June 1998, the court granted appellant legal custody of the children with protective supervision. The court extended its protective supervision order in December 1998.
In June 1999, the court placed the children in the emergency custody of the CCDCFS; in July 1999, the court modified its order and placed the children in the temporary custody of the CCDCFS and terminated its protective supervision order. The court continued this temporary custody order in January 2000.
The CCDCFS then moved the court for permanent custody of the two children. On April 18, 2000, the court entered an order that provided in pertinent part:
 IT IS THEREFORE ORDERED THAT the previous order of Temporary Custody with Cuyahoga County Department of Children and Family Services is hereby terminated.
RE: ROCKY KROCKER
 IT IS FURTHER ORDERED AND BY AGREEMENT OF ALL PARTIES as to said child, Rocky Krocker is committed to the Legal Care and Custody of [appellant].
RE: IZABELL KROCKER
 The court received evidence and testimony and by consent of the mother [sic] and considered the report and recommendation of the Guardian Ad Litem.
 1) That the child is not abandoned or orphaned and cannot or should not be placed with either parent within a reasonable period of time as follows:
 a) Mother was required to comply with a case plan designed for the reunification of the mother with her children. Mother to date has failed to comply with said case plan.
 b) Mother has a drug problem, which prevents her from reunifying with her children as she has failed to complete recommended treatment and/or parenting which would assist mother in providing and caring for the children on regular bases.
 c) CCDCFS has made available services designed to assist in reunification. However, mother and father have failed to cooperate with the assistance provided nor are they ready presently or in the foreseeable future to parent the children.
 2) That permanent custody of the child Izabell Krocker is in the best interest of child as follows:
 a) Child is in need of a legally secure placement and this cannot be achieved without a grant of permanent custody to CCDCFS[.]
 b) Child is age-appropriate in which to derive positive benefits from a legally permanent placement and there is reasonable probability that she will be afforded a permanent home.
 c) Child has been outside the home for nearly one year and the parents have failed to demonstrate the ability to parent the child.
 2) [sic] The CCDCFS has made reasonable and diligent efforts to reunify the family during the period of temporary custody.
The court therefore ordered that Izabell Krocker be placed in the permanent custody of the CCDCFS. Appellant timely appealed this order.
Appellant urges that this order was the result of an agreement between him and the CCDCFS. He claims that he consented to the CCDCFS's permanent custody of his daughter because he believed the girl would be adopted by her maternal grandmother and he would be afforded visitation and retain parental rights. He argues that after the judgment was entered, he learned that the maternal grandparents were not eligible to adopt the girl. Appellant claims the court did not and could not have found by clear and convincing evidence that he could not provide adequate care for his daughter because the court awarded him legal custody of his son. Therefore, he asserts, the court abused its discretion by awarding permanent custody of his daughter to the CCDCFS.
There is no evidence in the record to support appellant's arguments. Appellant has not provided us with a transcript of the proceedings on the motion for permanent custody, so we cannot determine whether the evidence supported the trial court's award of permanent custody to the CCDCFS. The order was not erroneous on its face simply because the court awarded appellant custody of one child but not another; the court could properly consider the best interest of each child separately. Appellant has failed to provide us with the transcript needed to demonstrate any error in the court's judgment, so we must affirm. See, e.g., State v. Render (1975),43 Ohio St.3d 17, paragraph two of the syllabus.
There is no evidence in the record of any agreement by appellant to waive his parental rights with respect to his daughter or of any expectancy, at the time of the permanent custody award, that the girl would be adopted by her maternal grandparents.[1] Nor is there any evidence of a post-judgment determination that the grandparents were unable to adopt her. More important, our role as a reviewing court would not permit us to consider an alleged change in circumstances occurring after the entry of the judgment under review. Such matters may be raised in the trial court by a motion to vacate under Civ.R. 60(B).
In a six-month review filed some five months later, in August 1999, the reviewers listed the following objective at the conclusion of their report: mgm [maternal grandmother] Laura Mierau will continue to provide for the children's basic needs. S.W. will explore permanency pending the next SAR. However, the CCDCFS moved for permanent custody in December 1999, and the final order issued in April 2000 provides permanent custody of Izabell to the CCDCFS, not the maternal grandmother.
Appellant's single assignment of error is overruled, and the judgment of the juvenile division of the common pleas court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________ KENNETH A. ROCCO, JUDGE
DIANE KARPINSKI, A.J. and JAMES J. SWEENEY, J. CONCUR.
[1] A six-month review report filed by the CCDCFS in March 1999 indicated that Mr. Krocker provides Rocky with all his basic needs in a safe and stable environment. Isabell remains with her mat[ernal] grandmother. Ms. Laura Mierau and Mr. Krocker have reportedly come to agreement that mat[ernal] grandmother should have legal [sic]. This agreement was not made part of any court order.